Argued and submitted March 22, ballot title certified April 6, 2000

Brad FUDGE
and John Brenneman,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Walt VANRHEEN,
H. Dean Pilkington, and James Olheiser,
*Intervenors.*

(SC S47268)

998 P2d 216

John A. DiLorenzo, Jr., of Hagen, Dye, Hirschy & DiLorenzo, P.C., Portland, filed the petition and argued the cause for petitioners.

Philip Schradle, Assistant Attorney General, Salem, filed the answering memorandum and waived argument for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Douglas R. Holbrook, Newport, filed the answering memorandum and argued the cause for intervenors.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding brought under ORS 250.085(2). Petitioners are electors who timely submitted written comments concerning the content of the draft ballot title submitted to the Secretary of State and who therefore are entitled to seek review of the ballot title certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

We have considered each of petitioners' arguments concerning the ballot title certified by the Attorney General. We conclude that none establishes that the Attorney General's certified ballot title fails to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997).[1] *See* ORS 250.085(5) (setting out standard of review). Accordingly, we certify to the Secretary of State the following ballot title:

### CHANGES RENT, TAX LAW FOR MANUFACTURED DWELLING/FLOATING HOME FACILITIES

RESULT OF "YES" VOTE: "Yes" vote limits rent increases, amends tax laws for certain manufactured dwelling/floating home facilities.

RESULT OF "NO" VOTE: "No" vote rejects limiting rents, amending tax laws for certain manufactured dwelling/floating home facilities.

SUMMARY: Limits rent increases for space for tenant-owned manufactured dwelling/floating home to previous rent multiplied by 101% of increase in Portland Consumer Price Index since last increase for space, unless facility

---

[1] The 1999 Legislature amended ORS 250.035 in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present measure is one to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

owner demonstrates "business necessity" by clear and convincing evidence. Rent increases limited to one annually. Allows and funds tenant challenges to rent increases through mediation/court proceedings. If manufactured dwelling/floating home facility sold to tenants' association, 25% of gain realized is not counted for state personal income/corporate excise taxes.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).